In re Billy and Brenda NOWLING.

John E. VENN, Jr., Trustee, Appellant,

v.

ROBERTS SUPPLY, INC., Appellee.

No. 90–30022–RV.

Bankruptcy Nos. 88–9120 (87–04229).

United States District Court,
N.D. Florida,
Pensacola Division.

Feb. 7, 1991.

John E. Venn, Jr., Gulf Breeze, Fla., for plaintiff.

Eric Eggen, Pensacola, Fla., for defendant.

John Venn, Jr., trustee.

## ORDER

VINSON, District Judge.

Pending is the appeal of John E. Venn, Jr., as bankruptcy trustee, from the bankruptcy judge's ruling on the parties' cross motions for summary judgment. The bankruptcy judge granted summary judgment for Roberts Supply Co., Inc. ("Roberts"), defendant below, and denied the trustee's motion. For the reasons stated below, I REVERSE and REMAND for further proceedings.

The debtors, Billy and Brenda Nowling, operated a lawnmower shop prior to filing for bankruptcy under Chapter 7 of the Bankruptcy Code in August 1987. The Nowlings did business as "B & B Equipment." All of their business stationery, invoices, and business cards were in the name "B & B Equipment." On June 26, 1986, the Nowlings executed a security agreement in the name of "B & B Equipment" with Roberts, along with a financing statement (form UCC–1), which was promptly filed with the Secretary of State of Florida. The financing statement listed "B & B Equipment" as the debtor.

This controversy involves various merchandise sold by Roberts to the Nowlings on credit, and returned by the Nowlings to Roberts for credit, prior to the bankruptcy filing. Venn, as trustee, sought to avoid this transfer as a preference under Section 547 of the Bankruptcy Code, which allows the trustee to avoid transfers to "unsecured" creditors. *See* 11 U.S.C. § 547. If Roberts was a "secured" creditor of the debtors, then the return of items for credit would not be a voidable preference under Section 547.

As the bankruptcy judge indicated and the parties acknowledge, the narrow issue in this case is whether the UCC–1 Financing Statement filed by Roberts solely in the trade name of the debtors (and not in their individual names) is sufficient to perfect a security interest in the merchandise returned by the Nowlings. The parties also agree that this issue turns on whether the financing statement filed by Roberts adequately identified the debtor under Florida law. Venn argues that the financing statement failed to do so, because it identified the debtor simply as "B & B Equipment," without identifying the individual debtors, Billy and Brenda Nowling.

To determine the adequacy of the notice provided by the financing statement, it is necessary to look to the Uniform Commercial Code as adopted in Florida. Article 9 of the Uniform Commercial Code, adopted as Chapter 679 of the Florida Statutes, sets out the law on the perfection and priority of security interests. Section 679.402(1), Florida Statutes, provides that:

> (1) A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor, and contains a statement indicating the types, or describing the items, of collateral.

Regarding the identification of the debtor, Section 679.402(6) provides in pertinent part that:

(6) A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership, or corporate name of the debtor, whether or not it adds other trade names or names of partners.

A third subsection of Section 679.402 also provides generally that:

(7) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

■ In his order, the bankruptcy judge correctly noted that the purpose of the UCC filing system is to give notice to interested parties that a security interest exists in the property of the debtor. Further, a financing statement is effective so long as it puts any searcher on inquiry. As the bankruptcy judge noted, the trustee is also "considered to be in the position of a hypothetical but prudent creditor." *Quoting Matter of Glasco, Inc.*, 642 F.2d 793, 796 (5th Cir.1981). He then concluded that "Any reasonably prudent creditor conducting a search with the Secretary of State would have discovered the Defendant's financing statement." He reached this conclusion for two reasons.

■ His first reason was based on the language of Section 679.402(7), which excuses technical defects if they are "not seriously misleading:"

A filing in the name in which a debtor does business is not seriously misleading and does not render the financing statement ineffective where the debtor's checks, stationery and bank account all included the name under which the debtor did business, and the same name was used in the debtor's bills, contracts and telephone listing.

In so construing the name filing requirement, the bankruptcy judge relied upon the former Fifth Circuit's opinion in *In re Glasco, Inc.*, 642 F.2d 793 (5th Cir.1981). In that case, the former Fifth Circuit ruled that a financing statement listing the debtor by the name in which it did business, in addition to its legal *corporate* name, was sufficient. The bankruptcy trustee had failed to find the security interest in question because the debtor's name had been indexed as "Elite Boats, Division of Glasco, Inc." The trustee had searched under the debtor's correct corporate name of "Glasco, Inc."

However, as appellant points out, the former Fifth Circuit expressly distinguished cases holding that a financing statement listing only the trade name as the debtor will be *insufficient* to perfect a security interest effective against the *individual*. *Id.* at 796, *citing In re Leichter*, 471 F.2d 785 (2d Cir.1972); *Citizens Bank v. Ansley*, 467 F.Supp. 51 (M.D.Ga.1979), *aff'd without opinion*, 604 F.2d 669 (5th Cir.1980).

Moreover, the rationale of the *Glasco* holding, although equitable under the facts, seem to be inconsistent with the notice-filing system of the UCC. Others agree. *See, e.g., In re Vital Breathing Products, Inc.*, 98 B.R. 97 (N.D.Ga.1988); B. Clark, *The Law of Secured Transactions Under the Uniform Commercial Code* § 2.09[1][b] (1988); Schinner, *Examining the Integrity of a Notice–Filing System: Are Financing Statements Filed Solely Under Debtor's Trade Name Sufficient to Perfect a Security Interest Under UCC Section 9–402?*, 94 Com.L.J. 176 (Spring 1988). Therefore, although *Glasco* is controlling precedent in this circuit [*see Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981)], it should be narrowly applied. I note, however, that *Glasco* is within the plain language of Section 679.402(6) since both the corporate name and the trade name were on the filed UCC–1.

More importantly, the commentary to the statute indicates that filing solely in a trade name is *not* sufficient. The Uniform Commercial Code Comment to the 1972 Revision of Section 9–402(7) flatly states that, "In the case of individuals, it contemplates filing only in the individual's name, not in a trade name. * * * Trade names are deemed to be too uncertain and too likely not to be known to the secured party or person searching the record, to form the basis for a filing system." § 679.402, Fla. Stat.Ann., UCC Comment to 1972 Revision,

¶ 7 (1990). In 1979, Florida adopted this amendment to the Uniform Commercial Code as the present Section 679.401(6).

█ The other basis for the bankruptcy judge's decision was that the debtors filed their bankruptcy petition as "Billy and Brenda Nowling, d/b/a B & B Equipment." Thus, the trustee was on notice to search for a financing statement under both the trade and individual names.

However, as the trustee points out, Section 544 of the Bankruptcy Code, the so-called "strong arm clause," permits a trustee to avoid a transfer of property to an unsecured creditor "without regard to any knowledge of the trustees or of any creditor." 11 U.S.C. § 544 (1979). Thus, even actual knowledge on the part of the trustee will not suffice as notice if the financing statement is defective. *In re Sandy Ridge Oil Co., Inc.,* 807 F.2d 1332, 1336 (7th Cir.1986).

Further, Section 679.301, Florida Statutes, was amended in 1979 so that creditors with knowledge would have priority over unperfected security interests. This section applies to Venn; the parties agree with the bankruptcy judge that the Bankruptcy Act puts the trustee in the place of a hypothetical lien creditor. The Sponsors' Notes to Section 679.301 explain that subordinating a lien creditor because of his actual knowledge of an encumbrance is inconsistent with the priority rules of Chapter 679, "where knowledge is not a relevant consideration." *See* § 679.301, Fla.Stat. Ann., & Sponsors' Notes to 1979 Amendment (1990). The Sponsors' Notes explain further that this elimination of knowledge as a relevant factor reconciled a conflict with the Bankruptcy Act "wherein there is a presumption of no knowledge even if all have knowledge and the trustee is the hypothetical or perfect creditor." *Id.*

Roberts acknowledges that the trustee's knowledge of the *encumbrance* is irrelevant to the question of the perfection of the security interest. *See* appellee's brief, doc. 5, at 5–6. But Roberts asserts that knowledge of the fact that the Nowlings operated their business in the name of B & B *is* relevant. Since the trustee had this information, Roberts argues, he had a duty to inquire into recordings under both names.

Roberts cites no authority for this proposition, with which I cannot agree. If *actual* knowledge of the encumbrance itself is insufficient to defeat a lien creditor's priority over an unperfected security interest, then *constructive notice* of the fact that a debtor goes by two different names should be *a fortiori* insufficient.

█ Finally, Roberts argues that B & B is a partnership under Florida law. Therefore, the financing statement was sufficient under Section 679.402(6), because it gives the "partnership ... name of the debtor." Roberts argues that B & B fits the definition of partnership set out in Section 620.585(1), Florida Statutes: an "association of two or more person to carry on a business for profit as co-owners." Although it possibly could have been a partnership, that's not what the record indicates. No partnership tax returns were filed, and the security agreement which forms the basis of the filing specifically describes B & B Equipment as a "sole proprietorship."

Moreover, the bankruptcy judge never made a determination that B & B was a partnership; it seems to have been treated as a sole proprietorship, which was how the Nowlings filed for bankruptcy. As the trustee points out, the issue of whether a business is a partnership under Florida law is a question for the factfinder. *Spencer v. Young,* 63 So.2d 334 (Fla.1953). There is no basis for deciding otherwise on appeal.

Finding that neither of the grounds relied upon below support the decision appealed from, and that the UCC–1 filed in only a trade name (and not in the individual names of the debtors) was insufficient to perfect a security interest in the subject property, the order below is REVERSED. The matter is remanded to the Bankruptcy Division for further proceedings.

DONE AND ORDERED.