In re Richard E. WALKER, Kelly E. Walker, Kenneth Walker, d/b/a Walker Brothers, a Florida general partnership, Debtors.

Bankruptcy No. 91–5525–BKC–3P1.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 15, 1992.

Lansing J. Roy, Jacksonville, Fla., for debtors.

Donald M. DuFresne, Jacksonville, Fla., Steven W. Hyatt, Miami, Fla., for movant John Deere Co.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court on a motion for relief from automatic stay or for adequate protection filed by John Deere Company. Upon the evidence presented, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On October 22, 1991, the debtor, Walker Brothers Dairy, a Florida general partnership, filed a voluntary petition for relief under Chapter 11. Prior to that time, the debtor had purchased several pieces of farm equipment from John Deere Company. On February 28, 1992, John Deere Company ("movant") filed a motion for relief from automatic stay or for adequate protection.

Walker Brothers Dairy is a partnership consisting of three general partners: Richard, Kelly, and Kenneth Wendell Walker. Richard Walker testified at the evidentiary hearing that they are engaged in business as a dairy partnership and file partnership returns with the Internal Revenue Service. Each of the partners files a K–1 with his respective individual tax return.

On August 28, 1990, the three partners signed a security agreement for a John Deere Model 2955 utility tractor, a round bale saw, and a feed mixer box. (Movant's Exhibit 1) The security agreement listed "Walker Brothers Dairy" as the "Borrower/Debtor." Additionally, the partnership box near the top of the security agreement was marked with an "x." The security agreement was signed and accepted by movant's authorized representative on September 11, 1990. A financing statement (UCC–1) was filed with the Florida Secretary of State listing Richard Walker, Kelly Walker, and Kenneth Wendell Walker as the debtors in the appropriate debtors' boxes. (Movant's Exhibit 2) The financing statement was signed by all three partners whose signatures were followed by a typewritten "d/b/a Walker Brothers Dairy."

On October 5, 1990, the three partners executed another security agreement for a John Deere Model 2755 H/C utility tractor. (Movant's Exhibit 3) The security agreement listed "Walker Brothers Dairy" as

the "Borrower/Debtor." Again, the partnership box on the security agreement was checked. The security agreement was subsequently signed and accepted by movant's authorized representative on October 11, 1990. A financing statement (UCC–1) was then filed on October 15, 1990, with the Clerk of the Superior Court in Charlton County, Georgia, the county where the tractor was delivered. (Movant's Exhibit 4) The financing statement listed Richard Walker, Kelly Walker, and Kenneth Wendell Walker as the debtors in the appropriate boxes. The financing statement was signed by all three partners whose signatures were followed by a typewritten "d/b/a Walker Brothers Dairy."

The equipment, except that listed in movant's exhibit 3, was purchased by the partnership for its use in the dairy operation and was in fact used for such purpose. All payments made to movant prior to the filing of the Chapter 11 were made by the partnership.

## CONCLUSIONS OF LAW

Movant seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) alleging a lack of adequate protection as the interest continues to accrue and the collateral continues to depreciate. The Court finds that this contention, though brought on a potentially valid basis, has no merit as the uncontroverted evidence establishes that movant does not have a perfected security interest in either of the equipment packages.

The threshold question on the motion for relief from stay and adequate protection is whether movant had a validly perfected security interest in the equipment listed in its Exhibits 1 and 3. In order for perfection to be valid in Florida or Georgia, movant must have had both a valid security agreement and a properly filed sufficient financing statement. In this case the security agreements were valid and the financing statements were filed properly with the Secretary of State and Charlton County, Georgia. However, the financing statements were insufficient to fulfill the requirements of Fla.Stat. ch. 679.402(6) and

Section 11–9–402(7) Ga.Code Ann., which require that the name of the partnership be listed in the debtor box of the UCC–1. The official comment to the Uniform Commercial Code § 9–402(7), the uniform counterpart of Fla.Stat. ch. 679.402(6) and Section 9–402(7) Ga.Code Ann., states in part, "In the case of a partnership it contemplates filing in the partnership name, not in the names of any of the partners...." As the financing statement in this case was filed in the names of the three individuals and not in the partnership name, it was insufficient to perfect John Deere's security interest in the farming equipment.

No circuit court or Florida court has addressed this issue on point, but controlling Fifth Circuit authority has determined that these kinds of cases turn on factual considerations and the potential effect on future creditors. *Matter of Glasco, Inc.,* 642 F.2d 793, 796 (1981). Many of the cases that have come close to the issue at bar, approach it from the standpoint of whether a partnership name or trade name is sufficient. These decisions turn on whether under UCC § 9–402(8) the financing statement was "seriously misleading."

One decision from Iowa is factually and legally similar to the instant case. *In re Waters,* 90 B.R. 946 (Bankr.N.D.Iowa 1988). In the Iowa case, a partnership of three brothers, Glen, George, and Kyle Waters, executed a security agreement for the purchase of certain equipment. The secured party filed the financing statement in the proper place but listed the brothers and their wives as the debtors, rather than the partnership, Waters Brothers Partnership. The Court ruled that the financing statement containing the names of the brothers and their wives was "seriously misleading" and that "a prudent creditor conducting a reasonable search would fail to discover that the financing statement covers the assets of Water Brothers Partnership." *Id.* at 961. The Court additionally expressed doubt that a computer search of "Waters Brothers Partnership" would have revealed the names of the individual partners or their respective wives. *Id. In re Waters* clearly falls within the express fo-

**484**

cus of *Matter of Glasco, Inc.*, and indicates that the omission of the partnership in the debtor box has the effect of misleading the potential creditors.

The instant case bears a similar result. The facts are so close that this Court should not disregard the persuasive value of *In re Waters*. The case at bar is similar to *Waters* in several respects: the partnership names are alike (Walker Brothers Dairy and Waters Brothers Partnership), each involves three brothers, and each involves a financing statement not filed in the partnership name, but rather in the individual names. The only factual difference between the two cases is that the names of the wives were also listed on the financing statement in the *Waters* case. Such a distinction is not significant and does not impact on the rationale.

A bank making a loan to Walker Brothers would only be required to search under the partnership name and in the case *sub judice* no partnership name would surface. Accordingly, the financing statements in the instant case were insufficient to perfect movant's security interests.

Additionally, where the wrong name of the debtor is listed in the box provided for the debtor's name, the UCC–1 is still insufficient even if the partnership name is listed in the signature box. The filing officer has no duty to look to an area other than the debtor boxes to determine the correct name of the debtor under which to index the financing statement.

The policy and purpose behind requiring the correct name on financing statements is notice. A financing statement is not sufficient if it does not give notice. A misspelling, an omission, or a wrong name most likely would defeat the notice goal. The debtor boxes were put on the financing forms to assist the filing officer in determining the name of the debtor.

The cases indicate that the filing officer is not required to look beyond the debtor box when determining the name under which to index the financing statement. *In re Levins*, 7 UCC Rep. 1076, 1082 (1970). The secured party has the obligation to provide the proper name and, if not accu-

rately listed, the secured party must bear the loss.

In the instant case, the secured party knew it was dealing with a partnership, as evidenced by the security agreement. Nevertheless, the secured party named the three individuals as the debtors rather than the partnership. The filing officer was under no duty to index based on information contained in the signature box.

Since the financing statements filed by movant were insufficient, its interest in the equipment remains unperfected. As an unsecured creditor, movant is not entitled to relief from the automatic stay or adequate protection. Accordingly, a separate order denying the motion will be entered.