**In re RENTCLUB, INC., Debtor.**

**RENTCLUB, INC., Plaintiff,**

**v.**

**TRANSAMERICA RENTAL FINANCE CORPORATION, Defendant.**

Bankruptcy No. 92–2489–8P1.
Adv. No. 92–227.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 4, 1993.

Russell M. Blain, Tampa, FL, for plaintiff.

Dennis M. Campbell, Miami, FL, for defendant.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a yet to be confirmed Chapter 11 case and the matter under consideration is a one-count Complaint filed by Rentclub, Inc. (Debtor) challenging the extent, validity and priority of a lien claimed by Transamerica Rental Finance Corporation (Transamerica). Both the Debtor and Transamerica have filed Motions for Summary Judgment contending that there are no genuine issues of material fact, and based on those facts, the party is entitled to a judgment as a matter of law. The facts relevant to resolution of this controversy, as appear from the record are indeed without dispute and do not present general issues of material fact. Thus, the controversy is ripe for determination more as a matter of law. These facts are as follows:

The Debtor was and is at this time the owner and operator of a "rent-to-own" business. This business is based on the concept that the operator rents to consumers household goods, such as televisions, lamps, couches, and like items either on a weekly or monthly basis. The feature of this method of operation which makes it different from eases of chattel in general is that at the end of the stated term, the lessee becomes the owner of the leased chattel. The Debtor was originally incorporated under the name "Tampa Rentclub, Inc." On June 6, 1988, the Debtor executed a UCC–1 financing statement (UCC–1) in the name of Tampa Rentclub, Inc., and in favor of Transamerica. The UCC–1 was filed with the Florida Secretary of State, and perfected Transamerica's interest in collateral described in the UCC–1, including all receivables, inventory, accounts and instruments, equipment, fixtures, furniture, general intangibles, bank accounts, and books and records. On February 22, 1989, Transamerica and the Debtor entered into an Amended and Restated Loan and Security Agreement, which became the underlying security agreement for the June 6 UCC–1.

On January 22, 1990, the Debtor passed a corporate resolution changing its name from Tampa Rentclub, Inc. to Rentclub, Inc. Transamerica filed a UCC–3 form on October 8, 1990 to amend the June 6 UCC–1 to reflect the Debtor's name change, albeit not within 120 days from the date of the name change.

Based upon these facts, Transamerica contends that the UCC–1 was not rendered seriously misleading by the Debtor's name change, and therefore, Transamerica was not required to file a UCC–3 reflecting the Debtor's name change, as the UCC–1 con-

tinued to adequately perfect Transamerica's interest in collateral acquired after the Debtor's name change. As evidence that the name change is not seriously misleading, Transamerica points to a UCC search of the name "Rentclub, Inc.," conducted by Transamerica on July 23, 1991, which produced a reference to the June 6 UCC-1.

In opposition, the Debtor contends that the name change rendered the UCC-1 seriously misleading because the Florida Secretary of State maintains their records alphabetically, and therefore, Transamerica's failure to file a UCC-3 form amending the June 6 UCC-1 to reflect the name change within four months of the name change renders Transamerica unperfected as to collateral acquired later than four months after the name change. Both Motions for Summary Judgment rely on the reading of Florida Statute § 679.402(6), which provides in pertinent part as follows:

679.402 Formal requisites of financing statement; amendments—

(6) A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership, or corporate name of the debtor, whether or not it adds other trade names or names of partners. Where the debtor so changes his name or in the case of an organization its name, identity, or corporate structure that a filed financing statement becomes seriously misleading, the filing is not effective to perfect a security interest in collateral acquired by the debtor more than 4 months after the change, unless a new appropriate financing statement is filed before the expiration of that time, in which case the new filing shall continue the priority of the original filing. A filed financing statement remains effective with respect to collateral transferred by the debtor even though the secured party knows of or consents to the transfer.

■ The purpose of the UCC filing system is to give notice to interested parties that a security interest exists in the property of the debtor. A financing statement is effective so long as it puts searchers on inquiry. *In re Nowling,* 124 B.R. 858 (Bankr.N.D.Fla.1991). A financing statement is not sufficient if it does not give notice. A misspelling, omission or wrong name would most likely defeat the very purpose of filing. *In re Walker,* 142 B.R. 482 (Bankr.M.D.Fla.1992). The determination of whether a financing statement puts searchers on inquiry or is "seriously misleading" turns on factual considerations and the effect on potential creditors. *Matter of Glasco, Inc.,* 642 F.2d 793, 796 (1981).

■ Upon review of the record, it is clear that the original Financing Statement filed by Transamerica was rendered seriously misleading by the Debtor's name change. This is so because the name of the debtor, not the secured party, is involved in the indexing of financing statements. *See* Fla.Stat. 679.402(4). Therefore, a party searching for financing statements filed under the name Rentclub, Inc., would not have discovered the June 6 UCC-1 filed under the name Tampa Rentclub, Inc. In view of the substantial change in the Debtor's name, this Court is satisfied that the Financing Statement filed by Transamerica was insufficient to alert subsequent creditors of the prior security interest of Transamerica in the Debtor's property.

■ In addition, this Court rejects Transamerica's argument that because a July, 1991 UCC search included the June 6 financing statement listed under the name Tampa Rentclub, Inc., the name change did not render the June 6 UCC-1 seriously misleading. Inasmuch as this search was conducted nineteen (19) months after the Debtor changed its name, and nine months after Transamerica filed its UCC-3, amending the financing statement to reflect the Debtor's new name, this search cannot be used to show that the financing statement was not seriously misleading, as it does not reflect the index at the relevant time, i.e. the four month period subsequent to the Debtor's name change.

■ Finally, Transamerica contends that the UCC-3 filed on October 8, 1990 acts as a new financing statement, and therefore,

re-perfects the original perfection, and cures any lapses or deficiency. This Court is satisfied that the UCC–3 filed by Transamerica cannot act as a new financing statement for the simple reason that the UCC–3 does not satisfy the requirements set forth in Florida Statute § 679.402(1), which provides:

> 679.402. Formal requisites of financing statement; amendments
>
> (1) A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor, and contains a statement indicating the types, or describing the items, of collateral.

Leaving aside the issue of the Debtor's name change for a moment, the UCC–3 filed by Transamerica does not set forth the collateral in which Transamerica has a security interest. This alone is a fatal flaw to a financing statement. Therefore, this Court is satisfied that the UCC–3 filed by Transamerica cannot act as a new financing statement and continue the priority established by the original UCC–1 filed on June 6.

In view of this Court's finding that the Debtor's name change rendered the June 6 Financing Statement seriously misleading, Transamerica was required to file an "appropriate financing statement" within the four (4) month period following the name change pursuant to F.S. § 679.402.(6). Such a filing would have continued the valid perfection of Transamerica's security interest in the Debtor's property. It is clear that Transamerica filed nothing until October 8, 1990. Based on the foregoing, this Court is satisfied that Transamerica's security interest in the Debtor's property is valid only to the property the Debtor owned at the end of the four (4) month period, May 22, 1990. Transamerica's security interest is unperfected as to any property acquired by the Debtor after May 22, 1990.

In addition, as a result of the failure to file the UCC–3 within the four month time frame specified by F.S. § 679.402(6), Transamerica has lost the priority of the original filing. Since a third party would not have been put on notice as to Transamerica's security interest by searching under the name Rentclub, Inc., it is clear that the June 6 UCC–1 was ineffective to protect the priority of Transamerica's security interest after the Debtor changed its name. Since Transamerica failed to amend the UCC–1 within the four month window, it allowed its priority with regard to the collateral to lapse. Based on the foregoing, this Court finds that the Debtor's Motion for Summary Judgment should be granted, and Transamerica is unperfected as to property acquired after May 22, 1990, and its priority has lapsed as to collateral perfected by the June 6, 1990 UCC–1 financing statement.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Motion for Summary Judgment filed by the Debtor is hereby granted. Transamerica is unperfected as to property acquired after May 22, 1990, and its priority has lapsed as to collateral perfected by the June 6, 1990 UCC–1 financing statement. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Transamerica Rental Finance Corporation is hereby denied.

DONE AND ORDERED.