**In re KENCO CONSOLIDATED, INC., Debtor.**

**Bankruptcy No. 92–2881–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 8, 1993.

Guillermo A. Ruiz, St. Petersburg, FL, for debtor.

Terry E. Smith, Tampa, FL, Trustee.

Catherine Peek McEwen, Tampa, FL, for movant.

Stephen L. Meininger, Tampa, FL, for Trustee.

## ORDER ON MOTION FOR RELIEF FROM STAY

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case which was originally filed as a Chapter 11 case. The matter under consideration is a Motion for Relief from the Automatic Stay filed by Barnett Bank (Barnett), which seeks to enforce a security interest in the accounts and inventory of Kenco Consolidated, Inc. (Debtor). Barnett contends that the automatic stay should be lifted because (1) its security interest is not adequately protected; (2) the property will continue to depreciate; and (3) Barnett will suffer irreparable injury, loss and damage unless it is granted the relief it seeks.

The Chapter 7 Trustee has filed a Response to the Motion, and contends that based on the strong-arm provision of § 544, he can avoid this security interest in the collateral claimed by Barnett. The facts relevant to resolution of this controversy are as follows:

On January 25, 1991, R. Royale Inc. (Royale) executed a Promissory Note in favor of Barnett in the amount of $25,000. In connection with the creation of this Note, Royale granted Barnett a security interest in its inventory, accounts, receivables, general intangibles, and chattel papers. On January 8, 1992, pursuant to Florida Statute 607.1105, Royale merged with Kenco Leasing, Inc., and Kenco Charters, Inc., and the three entities became Kenco Consolidated, Inc. The Plan of Merger provided that under the Plan, and, as further stated in Florida Statute 607.1106, all liabilities, immunities, etc., of the disappearing corporations shall cease, and the surviving corporation, i.e. Kenco Consolidated, Inc., is deemed to have assumed the liabilities of the entities merged into the Debtor.

The Debtor defaulted on the Barnett notes and, on March 4, 1992, the Debtor filed its voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. Because of the Debtor's inability to obtain relief in this Chapter, this case was converted into a Chapter 7 liquidation case on October 22, 1992.

Based on these undisputed facts, Barnett sought relief from the Automatic Stay pursuant to § 362(d) of the Bankruptcy Code, in order to proceed to enforce its security interest in the accounts receivables, and the inventory of the Debtor. Barnett contends that it should be allowed to enforce its lien seeking the payment of the balance due on the Promissory Note executed by Royale. According to Barnett, since the Debtor, as a surviving corporation, assumed all of Royale's liabilities upon merger of the corporations, its security interest also survived the merger.

It is without dispute that Barnett filed a UCC–1 Financing Statement on February 4, 1991 to perfect its interest in the accounts and inventory. It is also undisputed that the UCC–1 financing statement lists the debtor's name as "R. Royale, Inc.," and not the Debtor's name.

This Court is satisfied that, although at first blush, this controversy appears to be one of lifting the automatic stay, the true issue to be resolved is whether Barnett has a valid perfected security interest in Kenco's accounts and inventory.

It is clear that Barnett did in fact have a valid security interest in the accounts and inventory of R. Royale, Inc., arising from the January 25, 1991 note. This is so because the security agreement meets the requirement of Florida Statute 679.203 that it be in writing, and signed by the debtor. In addition, the lien was perfected by the filing of the UCC–1 financing statement evidencing the lien in Royale's accounts and inventory.

The purpose of the UCC filing system is to give notice to interested parties that there is a valid perfected security interest encumbering the properties subject to the security interest claimed by an entity. A financing statement is effective so long as it puts searchers on inquiry. *In re Nowling,* 124 B.R. 858 (Bankr.N.D.Fla. 1991). A financing statement is not sufficient if it does not give adequate notice. A serious misspelling, omission of the proper

name or wrong name would generally defeat the very purpose of filing, i.e. to give adequate notice. *In re Walker,* 142 B.R. 482 (Bankr.M.D.Fla.1992). The determination of whether a Financing Statement puts searchers on further inquiry or is "seriously misleading" turns on the factual considerations of a particular case, and the effect on potential creditors who reasonably relied on the information obtained through search of the records of the Secretary of State. In the context of bankruptcy, this last requirement is not relevant simply because the Trustee in bankruptcy occupying the position of an ideal, non-existent judgment lien creditor would defeat any claimed interest not properly perfected under the applicable state law. *Fla.Stat.* 679.301(3). *Matter of Glasco, Inc.,* 642 F.2d 793, 796 (1981).

■ It is undisputed that a UCC search conducted by the Trustee did not reveal Barnett's security interest in the Debtor's inventory and accounts. Since Barnett never filed a new UCC–1 financing statement perfecting its interest in the accounts and inventory of the Debtor, nor amended the prior UCC–1 to cross-reference their interest in the accounts receivables to the Debtor, the notice intended to be given by the financing statement was not given. Therefore, Barnett did not have a validly perfected security interest in the inventory, or accounts, of the Debtor, as of the date of the commencement of the case. Based upon the foregoing, the Trustee should be given the opportunity to avoid the lien on the accounts and inventory, and thus, the Motion for Relief from Stay should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Stay is hereby denied.